UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALLAS BUYERS CLUB, LLC, a Texas limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>DOE-70.181.229.254,<br><br>Defendant. | Case No.: 16cv317-BAS (DHB)<br><br>**ORDER DENYING PLAINTIFF'S EX PARTE MOTION FOR LEAVE TO CONDUCT A DEPOSITION BY WRITTEN QUESTIONS UNDER FRCP 31 [ECF No. 10]** |

On May 20, 2016, Plaintiff, Dallas Buyers Club, LLC, filed an *Ex Parte* Motion for Leave to Conduct a Deposition by Written Questions Under Federal Rule of Civil Procedure 31. (ECF No. 10.) Because Defendant has not been named or served, no opposition or reply briefs have been filed. For the reasons discussed below, Plaintiff's Motion is **DENIED**.

## I. BACKGROUND

On February 8, 2016, Plaintiff filed a Complaint against Doe, a subscriber assigned IP address 70.181.229.254 ("Defendant"). (ECF No. 1.) Plaintiff alleges a single cause of action for direct copyright infringement. Plaintiff asserts that it is the registered copyright holder of the motion picture *Dallas Buyers Club*. (*See* ECF No. 1 at ¶¶ 4, 6.) Plaintiff contends Defendant used the BitTorrent file distribution network to copy and distribute

Plaintiff's copyrighted work through the Internet without Plaintiff's permission. (ECF No. 1 at ¶ 35.)

On February 22, 2016, the Court permitted Plaintiff to serve a Rule 45 subpoena on Cox Communications to learn the identity of the subscriber assigned to Defendant's IP address. (ECF No. 7.)

On April 8, 2016, Cox Communications provided Plaintiff the name and physical address of the subscriber. (ECF No. 10-1 at 4.) Thereafter, Plaintiff sent a letter to the subscriber, Sydney Leibel, requesting that he voluntarily cooperate with Plaintiff to identify the infringer, and inviting him to contact Plaintiff's counsel with questions. (ECF No. 10-5.) On April 21, 2016, Plaintiff sent a second letter to the subscriber. (ECF No. 10-6.) Plaintiff contends it has not received a response to the letters.

Therefore, Plaintiff brings the instant motion seeking permission to depose the subscriber by written questions under Rule 31. (ECF No. 10.) Plaintiff acknowledges that the Court has previously denied oral depositions of third parties under Rule 45. Plaintiff argues that Rule 31 provides is a less burdensome means for Plaintiff to solicit information than by use of depositions under Rule 45.

## II. ANALYSIS

Federal Rule of Civil Procedure 31 permits depositions of any person by written questions instead of by oral examination. Fed.R.Civ.P. 31(a). Based on the Rule's title, it may sound like a deposition by written questions is a less burdensome way to obtain deposition discovery. However, once the Rule is examined, it is clear that depositions by written questions "entail more than mailing questions to the deponents and awaiting their written response." *Dasenbrook v. Enenmoh*, 2015 WL 1889069, *2 (E.D. Cal. April 24, 2015). Rule 31 requires the party taking the deposition to deliver the written questions to a deposition officer. Fed.R.Civ.P. 31(b). The deposition then proceeds in a manner similar to oral depositions. *Id.* (incorporating Rule 30(c), (e), and (f)). The deponent is put under oath, and then the deposition officer "must ask the deponent [the written] questions and record the answers verbatim." Fed.R.Civ.P. 30(c)(3). Following the deposition, a

transcript is prepared in the same manner as an oral deposition. Fed.R.Civ.P. 31(b)(2)-(3).

Therefore, Plaintiff's contention that a deposition by written questions is appropriate here because it is a less intrusive alternative is without merit. In addition, the Court notes that Plaintiff's counsel has previously abused the procedure under Rule 31. *See Cobbler Nevada LLC v. Doe 68.8.213.203*, 15cv2729-GPC (JMA), ECF No. 27 (S.D. Cal. July 5, 2016) (denying motion to compel responses to deposition by written questions where counsel attempted to use Rule 31 in a manner that was functionally similar to interrogatories, which is improper and not permitted by the federal rules). Therefore, the Court declines to permit Plaintiff to pursue a deposition by written questions, which if the Rule were correctly followed, would require essentially the same burden on the third party as an oral deposition.

### III. CONCLUSION

For the reasons set forth above, Plaintiff's *Ex Parte* Motion for Expedited Discovery is **DENIED**.

IT IS SO ORDERED.

Dated:  July 15, 2016

_____
DAVID H. BARTICK
United States Magistrate Judge